**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| HYLTON<br>Plaintiff<br><br>v.<br><br>SOMERSET COUNTY BOARD OF EDUCATION, ET. AL.<br>Defendants | **Case No: 1:26-cv-02698-MJM** |

**MEMORANDUM OF LAW IN SUPPORT OF**

**DEFENDANT'S RULE 12(b) MOTION TO DISMISS**

**PLAINTIFF'S AMENDED COMPLAINT**

Defendant Somerset County Public Schools Board of Education, by and through undersigned counsel, and pursuant to Local Rule 105.1, submits this Memorandum in support of its Motion to Dismiss the Plaintiff's Amended Complaint filed subsequent to Defendant's Motion to Dismiss the Plaintiff's original complaint, and asking that the Court award the school system prevailing party costs and attorney's fees for having been forced to combat an "Amended Complaint" that - notwithstanding some new words and the addition more defendants – retains the same legal subcaliber as the original Complaint.

## INTRODUCTION

### A. Procedural Background

On or about July 8, 2026, Joseph Hylton ("Mr. Hylton" or "Plaintiff") filed suit in this Court against the Somerset County Public Schools Board of Education ("the Board")

and against the Board's current Chairperson, Mr. Matthew Lankford ("Chairperson" or "Mr. Lankford") in his personal capacity. Mr. Hylton's suit against both Defendants arises from alleged deprivation of First Amendment rights under 42 U.S.C. § 1983 (Count I) and "False Light Defamation" (Maryland common law Invasion of Privacy – False Light) (Count II).

Defendant Board of Education was served on or about July 20, 2026 and on or about 7/25/2026 it filed a 12(b) Motion to Dismiss for Failure to State a Claim.

On 8/7/2026 Plaintiff filed the instant Amended Complaint.

Defendant Board of Education now requests that the Amended Complaint be dismissed with prejudice and that prevailing party costs and fees be awarded to it.

**B. Summary of Argument as to Amended Complaint.**

In its original motion to dismiss, the Board of Education argued that this Court has found on multiple occasions that Maryland considers its local boards of education as State agencies and therefore immune from suit "as persons" under 42 U.S.C. § 1983. It further argued that the alleged utterances of Defendant Lankford, even if taken as true, are not defamatory in the first instance, including Lankford's alleged statement that Plaintiff had acted in a "threatening" manner or "had threatened someone" and had been "removed by deputies" at an earlier time.

Mr. Hylton adds no new factual allegations in the Amended Complaint even remotely relevant to a claim of deprivation of rights by a local board that is otherwise immune from liability. He has added parties "in their official and individual capacities"

with no new pleaded allegations that these persons uttered *any* remark – much less a defamatory remark – about Plaintiff; and he has now shamefully added irrelevant statements insinuating racial animus along with gossipy allegations taken from social media and tabloid news reports that the Defendant Board of Education is going to ban classic literature such as The Diary of Anne Frank or To Kill a Mockingbird which, even if taken as true (and as difficult as that is for this Defendant Board of Education to do) add nothing to negate the argument that Maryland local boards of education are considered by the Federal and Maryland courts immune from claims of § 1983 deprivation of rights and/or that *any* Defendant member of the Board of Education uttered *any* defamatory remark – either in their official or private capacities.

Even more astounding, Plaintiff retracts in this Amended Complaint his earlier sworn allegations in support of defamation (i.e., that Chairman Lankford had called or referred to Plaintiff's behavior at a board meeting as "threatening" and that Mr. Hylton "had been removed by deputies"). He now alleges only that Defendant Lankford referred to a *group of people* at an earlier open-session meeting as having been "intimidating" and "harassing" and that Plaintiff subjectively felt that Chairman Lankford was speaking about him. Plaintiff Hylton does not allege one single utterance – much less a defamatory utterance – made by any other of the newly listed defendants in neither his original nor his Amended Complaint.

Arguably, and by virtue of this 'reckoning' of what he asserts Chairman Lankford actually said at the board meeting, Mr. Hylton's Amended Complaint is substantively even weaker than the original, and Defendant Board of Education is entitled to be reimbursed

for all of the Somerset County local public taxpayer money that it has had to spend in attorney's fees and costs to date and since the filing of the original Complaint for having brought this frivolous lawsuit in the first place.

**LAW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When evaluating a 12(b)(6) motion to dismiss, a plaintiff's <u>well-pleaded allegations</u> are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]." *Twombly*, 550 U.S. at 555. A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, at 557). Inquiry into whether a complaint states a plausible claim is " 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " *Francis*, 588 F.3d at 193 (quoting *Twombly*, at 557). Thus, if "the well-pleaded facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' "*Francis*, at 193 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (alteration in original)).

## ARGUMENT

**A. The Amended Complaint Fails to State a § 1983 Claim Against the County Board of Education.**

Under 42 U.S.C. § 1983, an individual may pursue a private right of action if a person, acting under color of state law, deprives the individual of rights, privileges, or immunities secured by the Constitution. *Wahi v. Charleston Area Med. Ctr., Inc*., 562 F.3d 599, 615 (4th Cir. 2009). In the instant case, Plaintiff brings a § 1983 claim against Defendants the Board and each of its members "in their official and individual capacities," alleging that their actions deprived him of his First Amendment Rights.[1]

To plausibly state a claim under § 1983, a plaintiff must allege that: 1) a right secured by the Constitution or laws of the United States was violated and 2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, to successfully state a claim against Defendant Board under § 1983, Mr. Hylton must first establish that the Board is a "person" within the meaning of the statute. This he cannot do.

In Maryland, public schools are organized by county, and each county's public school system is managed by a county board of education. *Brown v. Prince George's Cty. Bd. of Educ*. While local government units may be held liable under § 1983, *Monell v. Department of Social*

[1] To information and belief, the individually named defendants will be represented by separate counsel. However, suffice to say here that to the extent that they are sued in their official capacities as "Board Members" they are *also* immune from suit because state officials acting in their official capacities are not deemed to be "persons" under 42 U.S.C. § 1983. See, e.g., *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 650 (D. Md. 2004) (school officials acting in their official capacities are acting as the state and therefore not "persons" under the statute).

*Services*, state agencies have been held not to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989),

And this Court has consistently held that local county boards of education in Maryland are considered state agencies in respect to § 1983 and are thus immune from suit. See, e.g., *J.G. by & through Gusman v. Prince George's Cty. Bd. of Educ.*, No. PWG-16-1008, 2017 WL 930130, at *4 (D. Md. Mar. 8, 2017) (holding that Maryland school boards are state agencies and not "persons" under §1983); *Wood v. Bd. of Educ. of Charles Cty*., No. GJH-16-00239, 2016 WL 8669913, at *5 (D. Md. Sept. 30, 2016) (same); *Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 851–52 (D. Md. 2015) (same); *Mayo v. Bd. of Educ. of Prince George's Cty.,* 797 F. Supp. 2d 685, 689 (D. Md. 2011) (same), aff'd 713 F.3d 735 (4th Cir. 2013); *Lewis v. Bd. of Educ. of Talbot Cty*., 262 F. Supp. 2d 608, 613 (D. Md. 2003) (same). See also *Zimmer-Rubert v. Bd. of Educ. of Balt. Cty*., 179 Md. App. 5589, 600 947 A.2d 135, 141 (Md. 2008) ("The [Maryland] Court of Appeals undoubtedly considers county school boards instrumentalities of the State rather than independent, local bodies."), aff'd 409 Md. 200, 973 A.3d 233 (2009).

As discussed by the Court in those decisions, local county school boards in Maryland are created by the state legislature, are part of the state program of public education, and may not buy, sell, or hold property without state approval. *Lewis*, 262 F. Supp. 2d at 613–14 (citing Md. Code Ann., Educ. §§ 3-108, 4-109, 4-115). Additionally, the state of Maryland controls the form of contract for county board employees, defines and enforces teacher certification requirements, and may reduce programming, order a reorganization, or reconstitute schools that are not performing to state standards. 262 F. Supp. 2d at 613–14 (citing Md. Code Regs. 13A.01.04.08, 07.02.01).

In sum, county school boards in Maryland are controlled by the state and therefore are not "persons" within the meaning of § 1983. Simply adding new allegations to his Amended

Complaint about how Plaintiff Hylton perceives the righteousness of his cause, or how he subjectively felt when Chairman Lankford addressed an unidentified group of people about their behavior at past board meetings adds nothing to negate the legal immunity held by Maryland's local boards of education in respect to § 1983.

Consequently, Count I in the Amended Complaint against the Defendant Board of Education should be dismissed with prejudice.

**B. Plaintiff's Factual Allegations are not Well-Pleaded and Are Insufficient to Plead a Cause of Action for "False Light Defamation."**

Mr. Hylton includes no new well-pleaded factual allegations to state a claim upon which relief may be granted for Maryland common law *invasion of privacy – false light* (here, "False Light Defamation") nor *defamation*.

There are no Federal common law torts for false light or defamation. To plausibly state a claim for Maryland common law *false light,* a plaintiff must, *inter alia*, plead sufficient facts that would similarly state a claim for *defamation*: "Inasmuch as a false light claim must meet the same legal standards as an allegation of defamation, we engage in analysis of the defamation claim, but the same analysis applies to the false light claim." *Seley-Radtke v. Hosmane*, 450 Md. 468, 149 A.3d 573 (Md. App. 2016), citing *Piscatelli v. Van Smith*, 424 Md. 294, 305-06, 35 A.3d 1140, 1146-47 (2012)."

A defamatory statement is "a false statement about another person that exposes that person to public scorn, hatred, contempt, or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person." MPJI-cv 12:1 (emphasis added). The person, as a result of scorn, hatred, contempt, or ridicule, thereby suffers

injury to his or her reputation, or others are discouraged from associating with that person. *Mareck v. Johns Hopkins Univ.*, 68 Md. App. 217, 482 A.2d 17 (1984), cert. denied, 302 Md. 288, 487 A.2d 292 (1985); *Gay v. William Hill Manor Inc.,* 74 Md. App. 51, 536 A.2d 690, cert. denied, 312 Md. 601, 541 A.2d 964 (1988); see also *Peroutka v. Streng*, 116 Md. App. 301, 695 A.2d 1287 (1997) (non-public figure).

Whether a statement could have been defamatory is first a question of law for the court to decide prior to a jury. *Chesapeake Publ'g Corp. v. Williams*, 339 Md. 285, 661 A.2d 1169 (1995); *Hohman v. A.S. Abell Co.*, 44 Md. App. 193, 407 A.2d 794 (1979); *Phillips v. Wash. Magazine, Inc.*, 58 Md. App. 30, 472 A.2d 98, cert. denied, 300 Md. 89, 475 A.2d 1201 (1984).

Within the entirety of his Amended Complaint, Mr. Hylton pleads only three statements allegedly uttered by Board Chairman Lankford, to wit:

1) Mr. Lankford "made false, derogatory statements to law enforcement…;" (ECF no. 9, ¶ 19); and

2) In the parking lot after a Board meeting, Mr. Lankford called 911 and informed responding officers "that Mr. Hylton had made threatening comments and had 'scared' someone;" (ECF no. 9, ¶20) and

3) At an open session Board meeting, "Mr. Lankford addressed the crowd, castigating the conduct of attendees at the last meeting (clearly referring to Mr. Hylton…)" and "describing inaccurately and unfairly their conduct as 'intimidating' and 'harassing.'" [2] (ECF no. 9, ¶21)

None of these alleged statements is sufficient to support a claim of defamation.

---

[2] Plaintiff retracted the accusation in the original Complaint that Mr. Lankford "suggest[ed] [Mr. Hylton] had been 'threatening,' 'intimidating,' etc. and insinuate[ed] that he had been removed by a deputy to maintain public safety." (ECF no. 1, ¶ 16). (emphasis added).

The **first allegation** is simply a bald restatement of one element of a claim for defamation, to wit: allegedly uttering "false, derogatory statements" is not a well-pleaded factual allegation as one cannot tell what the content of the alleged statement and therefore whether it was true, false, or even derogatory in the first instance.

The alleged statements in the **second allegation** are protected, lawful speech since Lankford was simply informing law enforcement officers - who had appeared in the course of their official duties - how he perceived Mr. Hylton's comments made outside of the Board building. It is well known that persons making complaints to law enforcement officers about what they perceive to be unlawful or threatening behavior are protected from civil suit because courts do not want to chill the willingness of potential victims or witnesses from reporting suspect activity for fear of being held civilly liable for, e.g., defamation.

Furthermore, Courts have considered *statements of opinion* as non-provable, even statements pertaining to "threats" or "threatening" in the context of defamation suits, including this Court – applying Maryland law – which found in one instance that "*to the extent that the Grim Reaper cartoon [plaintiff] sent to [defendant] constituted a threat—and by any reasonable construction it did—an individual's opinion about the act and about the sort of individual who might commit it would support no action for defamation.*" (*Oliveres v. NASA, et. al.*, 934 F.Supp. 698, at 704, D. Maryland; referencing *Hughley v. McDermott*, 72 Md.App. 391, 530 A.2d 13 (1987), aff'd, 317 Md. 12, 561 A.2d 1038 (1989).

Outside of Maryland, in *Hernandez v. Scottsdale Hotel Group, LLC*, et al. (2020 WL 6827745) the defendant told fellow employees that she had received an email from plaintiff that was "rude, threatening and disrespectful." After conceding that "rude" and "disrespectful" were not actionable, the plaintiff's case revolved around the word "threatening." The Court concluded

that "the word threatening in this context amounts to an opinion statement that cannot support a defamation claim," and that "the term 'threatening' is not provable or falsifiable" because it "does not suggest that Plaintiff actually made a threat, but rather that Schwanz perceived the email to be 'threatening.'" The court further noted that "[i]t would not be possible to prove or disprove Schwanz's subjective impression of the email as threatening." [3]

The **third allegation** in the Amended Complaint is also flawed because it is opinion, i.e., how Mr. Lankford perceived the behavior of an unidentified group of persons the previous week after the board adjourned from special closed-session as provided for in the Maryland Open Meetings Act. Mr. Lankford's alleged statements at the board meeting – although they no longer include words such as "threatening" or "threatened" – are materially the same as any other statement of opinion. Lankford's alleged remarks that "the conduct of attendees" at the prior meeting was "intimidating and harassing" are, for some of the same reasons, simply not actionable. First, they are akin to the *Hernandez* defendant's statement against plaintiff that he was "rude, threatening and disrespectful" that the court considered to be opinion and not provable or falsifiable. Second, Hylton readily admits that "Mr. Lankford addressed…the conduct of the attendees" of the last meeting and not Hylton individually. Although Hylton pleads that he *felt* Mr. Lankford "clearly" was referring to him, he does not include any well-pleaded, *objective* fact to support this. Simply stating in a complaint that Lankford was "clearly referring to Mr. Hylton" without any objective fact – no matter how trivial – is not a well-pleaded allegation. It is a *subjective interpretation*: perhaps due to Plaintiff Hylton's heightened self-consciousness of his actions at the last meeting; or an unconscious desire to some reason to sue Lankford and the Board for defamation. The fact that "I feel someone was talking about me" does not remotely support the

proposition that they were.

As to the new defendant Board members added to bolster his Amended Complaint, Plaintiff Hylton states **not one** allegation - much less a 'well-pleaded' allegation - that any of these people said or wrote *anything* at all. This realization alone is sufficient to judge the character of this entire law suit as "frivolous, unreasonable, or without foundation" as required for prevailing party attorney's fees under 42 U.S.C. §1988(b).

Consequently, Mr. Hylton has included no well-pleaded factual allegations that would support a cause of action for *defamation* and, as a result, he fails to state a claim for *false light* and/or "False Light Defamation."

**CONCLUSION**

For these reasons, Defendant Somerset County Board of Educaiton respectfully requests that this Court,

A. Grant its Motion to Dismiss Plaintiff's Amended Complaint, and

B. Award it prevailing party attorney's fees and costs to be determined after dismissal and pursuant to 42 U.S.C. §1988(b).

/S/ Marc D Schifanelli

Marc D. Schifanelli, Esq.
Federal Bar No.: 27753
Schifanelli Law, LLP
P.O. Box 1023
Stevensville, Maryland 21666
240-882-2402
marc@schiflaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ____8th____ day of August 2026, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss Amended Complaint was filed electronically via ECF with notice to all counsel of record.

/S/ Marc D Schifanelli

Marc D. Schifanelli, Esq.